UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT A. HENDERSON,

    Movant,

v.

U.S. WHOLESALE OUTLET &
DISTRIBUTION, INC.; TREPCO
IMPORTS & DISTRIBUTION, LTD.;
YNY INTERNATIONAL, INC.;
EASHOU, INC. (d/b/a SAN DIEGO
CASH & CARRY); CALIFORNIA
WHOLESALE; SANOOR, INC.
(d/b/a L.A. TOP DISTRIBUTOR);
and INTERNATIONAL
CORPORATION,

    Respondents.
_____/

Case No. 19-50114
District Judge Victoria A. Roberts

## ORDER DENYING MOVANT'S MOTION TO QUASH RESPONDENT'S SUBPOENA TO TESTIFY AT DEPOSITION

### I. INTRODUCTION AND FACTUAL BACKGROUND

In this miscellaneous action, Scott Henderson moves to Quash a subpoena issued to him to give deposition testimony in an action pending in the Central District of California, *U.S. Wholesale Outlet & Distribution, Inc. v Living Essentials, LLC*. The Respondents in the action before this Court, U.S. Wholesalers, *et al*, are the plaintiffs in the California action. Mr. Henderson was formerly employed by one of the defendants in the California action, Living Essentials ("LE"). That case involves alleged illegal pricing structures that LE adopted; U.S. Wholesale says LE adopted that illegal structure while Mr. Henderson was employed as its President and Chief Operating Officer, and that LE gave Costco Wholesale Corporation a better deal on the price of energy shots, in violation of federal

1

and California law. The lawsuit allegations span from 2015 to the present. Mr. Henderson retired from Living Essentials in October 2014.

Mr. Henderson is now living in Michigan, approximately five miles from where he has been asked to appear for his deposition. The deposition notice is for his presence only; it does not command that he bring documents or any other tangible thing.

Mr. Henderson contends that the deposition subpoena was issue in violation of Fed. R. Civ. P. 30(b)(1) since he did not receive notice of the subpoena. He also says that the Court should quash the subpoena because it seeks irrelevant information, inasmuch as Mr. Henderson was retired from LE during the relevant time period; that the subpoena places an undue burden on Mr. Henderson because he possesses no unique information; and, that other sources are available to the respondents to gather the same information they seek from Mr. Henderson. Mr. Henderson also argues that the United States District Court for the Central District of California lacks personal jurisdiction over him. Finally, Mr. Henderson challenges the constitutionality of Fed. R. Civ. P. 45(a)(2), because it does not require California to have personal jurisdiction over him to issue subpoenas.

Mr. Henderson's arguments fail. The Court **DENIES** the Motion To Quash.

**II.    DISCUSSION**

First and foremost, Fed. R. Civ. P. 45(a)(2) clearly states that a subpoena must issue from the court where the action is pending. Presumably, the United States Supreme Court considered the personal jurisdiction argument that Henderson now makes, when it mandated that a subpoena issue from the court where the action is pending, and allowed nationwide service. Limitations on the burdens placed on a person subject to a subpoena

2

issued from a court a vast distance from where he or she lives are set forth in Fed. R. Civ. P. 45(c)(1), which says that a person cannot be commanded to attend a trial, deposition or hearing more than 100 miles from where he resides, is employed, or regularly transacts business.

Secondly, with respect to Mr. Henderson's lack of notice argument, Fed. R. Civ. P. 45 states that notice must be given to other parties before service, if the subpoena "commands the production of documents, electronically stored information. or tangible things....". This subpoena only commands the attendance of Mr. Henderson and nothing more. If Mr. Henderson is challenging that he never received notice of his deposition as is required under Fed. R. Civ. P. 30(b)(6), the respondents state in their response brief that they personally served Mr. Henderson. Henderson does not challenge this assertion in his reply brief. Accordingly, Henderson's lack of notice argument is unavailing.

Finally, Henderson argues that he retired from LE in 2014, that the relevant time frame for this lawsuit begins in 2015, and that others are more knowledgeable than he is regarding LE's pricing structure. While it is true that others may have information concerning LE's pricing structure, respondents allege that Henderson was President and Chief Operating Officers of LE from January 2006 until his retirement in 2014. Respondents say that LE identified Mr. Henderson as someone who was responsible for setting the company's pricing during the applicable period. And, respondents say that in producing documents, LE produced numerous emails and attachments that mention Mr. Henderson. Given his positions at LE, it is reasonable to believe that Mr. Henderson may have had something to do with putting a pricing structure in place that was used in 2015. Respondents are entitled to explore this possibility.

A nonparty seeking to quash a subpoena has the burden to demonstrate that the discovery sought should not be permitted. *Sinclair v. Lauderdale County, Tenn.,* 2015 EL 1393423 at *3 (W.D. Tenn. March 24, 2015) (quoting *In re Smirman,* 267 F.R.D. 221, 223 (E.D. Mich. May 12, 2010)). Mr. Henderson fails to meet his burden.

For the foregoing reasons, Movant's Motion to Quash Respondent's Subpoena to Testify at Deposition is **DENIED**. The parties must meet and confer to determine a mutually convenient time to depose Mr. Henderson in Michigan in February 2019.

**IT IS ORDERED.**

s/ Victoria A Roberts
Victoria A. Roberts
United States District Judge

Dated: February 1, 2019